```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

        — against —                                             05-CV-1607 (SLT)

RONALD BROW,

                        Defendant.
----------------------------------------------------------------X   **MEMORANDUM and ORDER**
RONALD BROW,

                        Third-Party Plaintiff,

        — against —                                             05-CV-1609 (SLT)

RUTGERS, THE STATE UNIVERSITY OF
NEW JERSEY,

                        Third-Party Defendant.
----------------------------------------------------------------X
```
**TOWNES, United States District Judge:**

       In 2005, the United States of America (the "Government") filed two actions against Ronald Brow because he failed to pay his federal Perkins Loans which he obtained while an undergraduate student at Rutgers, the State University of New Jersey ("Rutgers"). Subsequent to Mr. Brow's default, the Government was obligated to make payments on the loans as the ultimate guarantor. *See United States of America v. Brow*, 05-cv-1607 (SLT), 05-CV-1609 (SLT). Both complaints attach a single Certificate of Indebtedness. *See United States of America v. Brow*, 05-cv-1607 (SLT) (Complaint), 05-cv-1609 (SLT) (Complaint).

       On October 3, 2005, Brow filed third-party complaints against Rutgers in both actions. In both complaints, Mr. Brow alleges that Rutgers has damaged his "financial reputation and is liable for in part for [*sic*] failing notify and keep the first party United States Government of the

proper financial records." 05-cv-1607 Compl. ¶ 1.  Plaintiff accuses Rutgers of violating the Fair Credit Reporting Act through willful and negligent reporting of false "financial information." *Id.* at ¶ 2.  Mr. Brow alleges that Rutgers "is responsible and inextricably linked to the improper disbursement of funds owing to the plaintiffs [*sic*] Government through fraud and/or negligence by their ongoing and continuing actions to coverup or withhold evidence that would render a proper accounting of the monies disbursed under warranty by the plaintiff Government of the United States."  *Id.* at ¶ 3.  Mr. Brow refers to a subpoena signed by Magistrate Judge Joan Azarack in an action unrelated to the instant actions which he served on Rutgers on February 24, 2005.  *Id.* at ¶ 4.  The subject of the subpoena is a police report "for the purpose of establishing plaintiff [*sic*] use of the University Services at the time in question."  *Id.*  Mr. Brow does not attach a copy of the subpoena to his Complaint nor allege its relevance here.  Instead, he refers the Court to "plaintiff's counter claim exhibit (1) and (3)" and notes that Rutgers stated that the subpoena was not valid in New Jersey.  *Id.* at ¶ 6.  Lastly, Mr. Brow claims that Rutgers "is liable for funds disbursed without specific performance warrantied for said purpose and is owing the plaintiff under the doctrine of estoppel after being notified on an ongoing basis of said status"as a consequence of Rutgers' "breach of fiduciary duty, fraud and/or negligence of the improper disbursement of funds and to maintain due diligence to record and account for such funds."  *Id.* at ¶ 5.

Rutgers timely answered the third-party complaint at No. 05-cv-1609 (SLT), but not the No. 05-CV-1607 matter.  Instead, Rutgers filed its answer on May 15, 2006, well-past the twenty-day deadline mandated by Fed. R. Civ. P. 12(a)(2) ("A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being

served."). Accordingly, this Court granted Mr. Brow's motion for an entry of default against Rutgers pursuant to Fed. R. Civ. P. 55(a) in 05-cv-1607 (SLT). *See* Docket Item # 21 (Memorandum and Order).

***Motion to Vacate Default in* United States v. Brow, 05-CV-1607 (SLT)**

Rutgers moves to vacate the entry of default against the University pursuant to Fed. R. Civ. P. 55(c). It provides an affidavit authored by Barbara A. McManus, a legal assistant in the Office of Vice President and General Counsel at Rutgers University. *See* Affidavit of Barbara A. McManus at ¶ 1. Ms. McManus avers that, when she received the package Mr. Brow served on Rutgers, she believed it to contain two copies of a Summons and Third Party Complaint, captioned *Brow v. Rutgers, the State University*, Docket Number 05-cv-1609 (SLT), and an Affidavit of Service. *Id.* at ¶ 3. After consulting an attorney at Rutgers, Ms. McManus prepared a copy of what she believed to be the single third-party complaint and sent it to Rutgers' outside counsel. *Id.* at ¶ 4. Rutgers also submits an affidavit by Kathleen A. Walsh, Esq., an associate at Lowenstein Sandler PC, Rutgers' outside counsel. *See* Affidavit of Kathleen A. Walsh, Esq. In early May 2006, Ms. Walsh reviewed this Court's electronic docketing system related to a motion to dismiss Mr. Brow's third-party complaint in *Brow v. Rutgers, The State University of New Jersey*, 05-cv-1609 (SLT), and she discovered Mr. Brow's action docketed under 05-cv-1607 (SLT). She then learned of the pending third-party complaint and Mr. Brow's motion for entry of default against Rutgers. *Id.* at ¶ 3. Ms. Walsh compared the docket sheets for both matters, learned that the filing dates were identical, and that while Rutgers had filed an Answer and Affirmative Defenses in the case bearing docket number 05-cv-1609 (SLT), Rutgers had not done so for the matter bearing docket number 05-cv-1607 (SLT). *Id.* at ¶ 4.

Rutgers asserts that its failure to answer was not willful as Ms. McManus' mistake with respect to the filing package constitutes error, or, at most, negligence. *See* Memorandum of Law in Support of Third-Party Defendant's Motion to Vacate Default at 5. Plaintiff will not be prejudiced, Rutgers argues, because the original debt action filed by the Government continues, there is no occasion for either fraud or collusion by Rutgers, and if Rutgers possesses relevant information related to the debt action, granting Rutgers' motion to dismiss or permitting it to answer would "not create any significant delay in producing that information."[1] *Id.* at 6. Lastly, Rutgers asserts that it has meritorious defenses to Brow's action. *Id.* Namely, Brow failed to meet the requirements of the New Jersey Tort Claims Act in commencing suit; Brow's claims are barred by the statute of limitations; and Brow's fraud and breach of fiduciary duty claims are deficient because he fails to plead any facts giving rise to the elements for those claims. *Id.* 7.

## DISCUSSION

Rutgers has demonstrated good cause to vacate the default entered against it. Pursuant to Fed. R. Civ. P. 55(c), "[f]or good cause shown the court may set aside an entry of default . . . ." To determine if good cause has been established, Courts consider (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Other factors to be considered include "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*

---

[1] Rutgers urges that "plaintiff's motion for a default judgment should be denied." Memorandum at 6. However, Mr. Brow has not moved for default judgment against Rutgers.

4

The affidavits supplied by Ms. McManus and Ms. Walsh demonstrate that Rutgers' default was not willful. Ms. McManus reviewed the contents Mr. Brow's package and mistakenly believed that it contained copies of one third-party complaint. *American Allinace Insurance Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Further, this Court agrees that setting aside the entry of default will not prejudice Mr. Brow. Additionally, because Rutgers demonstrates meritorious defenses to Mr. Brow's claims, the default should be vacated. As developed more fully below, Rutgers successfully argues that Mr. Brown's claims should be dismissed. A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. *See, e.g., Sony Corp.,* 800 F.2d at 320-21. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense. See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C.Cir.1980); *see also Davis,* 713 F.2d at 916.Enron Oil Corp. v. Diakuhara 10 F.3d 90, 98 (2d Cir. 1993) More than sufficient evidence of a complete defense is found in this record. Because Rutgers' default was not willful, Mr. Brow will not be prejudiced and Rugers can present meritorious defenses to the underlying action, the order entering default against Rutgers is vacated.

*Motion for Judgment on the Pleadings*

Rutgers moves for judgment on the pleadings in both third-party actions. According to Local Rule 12.1, "[a] represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b) or 12 (c), shall serve and file the notice required by Local Civil Rule 56.2 at the time the motion is served."

There is no indication in the record that Rutgers complied with Local Rule 12.1.  In addition to the pleadings, Rutgers attaches affidavits and documentary evidence in support of its motions.  These "[d]ocuments . . . are [not] attached to the complaint [nor] incorporated in it by reference" and are typically not considered in motions for judgment on the pleadings.  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  Rutgers' motions for judgment on the pleadings are denied without prejudice to filing a motion for summary judgment after complying with the notice provisions of Local Rule 56.2, or a motion to dismiss for failure to state a claim after complying with the notice provision of Local Rule 12.1.  Said notice must be served on third-party plaintiff and filed on the court's Electronic Case Filing ("ECF") system within ten (10) days of the date of the entry on the docket of this Memorandum and Order.  Third-party defendant's motion for summary judgment or motion to dismiss, as the case may be, is to be served upon Brow on or before October 31, 2008.  Brow is to serve his response in opposition thereto on Rutgers on or before November 21, 2008.  Rutgers shall serve its reply on or before November 28, 2008.  The fully-briefed motions shall be filed by Rutgers on or before December 2, 2008.

## CONCLUSION

For the foregoing reasons, the order entering default against third-party defendant Rutgers, 05-cv-1607 (SLT), is hereby VACATED.  Rutgers' motions for judgment on the pleadings in case numbers 05-cv-1607 (SLT) and 05-cv-1609 (SLT) are DENIED without

prejudice to serving notice and moving for summary judgment, or to dismiss pursuant to the schedule noted above.

Dated: Brooklyn, New York
September 30, 2008

　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　SANDRA L. TOWNES
　　　　　　　　　　　　　　　United States District Judge