UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,              **MEMORANDUM and ORDER**

      – against –              05-CV-1607 (SLT) & 05-CV-1609 (SLT)

RONALD A. BROW,

                Defendant.
----------------------------------------------------------------x
RONALD A. BROW,

                Third-Party Plaintiff,

      – against –

RUTGERS, STATE UNIVERSITY
OF NEW JERSEY,

                Third-Party Defendant.
----------------------------------------------------------------x

**TOWNES, United States District Judge:**[1]

    On March 28, 2005, Plaintiff, the United States of America (the "Government"), filed two actions (the "1607 Action" and the "1609 Action") against *pro se* Defendant, Ronald Brow, alleging that Mr. Brow failed to re-pay two separate government-guaranteed federal student loans that Mr. Brow obtained while attending Rutgers, the State University of New Jersey ("Rutgers"). On October 3, 2005, Mr. Brow filed identical third-party complaints against Rutgers in both actions. Rutgers now moves for judgment on the pleadings with respect to both third-party complaints pursuant to Fed. R. Civ. P. 12(c) and to dismiss these complaints pursuant to Fed. R. Civ. P. 12(h)(2). For the reasons set forth below, the Court will

---

[1]The Court gratefully acknowledges the assistance of Tracy Feng of Brooklyn Law School in the preparation of this Memorandum and Order.

convert Rutgers' motion for judgment on the pleadings into a motion for summary judgment with respect to Mr. Brow's claims arising under the New Jersey Tort Claims Act.

## BACKGROUND

*Pro se* Defendant and Third-Party Plaintiff Ronald Brow attended Rutgers' Livingston College in Piscataway, New Jersey, as an undergraduate student between 1978 and 1983. During Mr. Brow's time at Rutgers, he applied for and received several student loans. (*See* Certificates of Indebtedness ("Cert. of Indebt.")). Rutgers, in turn, made the loans under the National Direct Student Loan program, which is now known as the Federal Perkins Student Loan program. (Cert. of Indebt.).

Mr. Brow defaulted on his student loans in 1984, and Rutgers subsequently assigned all its rights and title to Mr. Brow's loans to the Department of Education on April 19, 1991. (Cert. of Indebt.). On March 28, 2005, the Government commenced the 1607 Action and the 1609 Action against Mr. Brow, alleging that the Government had demanded payment of Mr. Brow's debts, and that Mr. Brow "neglected and refused to pay the same." (Complaint for 1607 Action ¶ 4; Complaint for 1609 Action ¶ 4). The Government sought the current principal due, the interest accrued, administrative fees, costs, penalties, and attorneys' fees. (Complaint for 1607 Action ¶¶ 3-4; Complaint for 1609 Action ¶¶ 3-4). The Government has been awarded judgment in its 1607 and 1609 Actions against Mr. Brow. (*See* Default Judgment, dated March 30, 2006).

### *The Third-Party Complaints*

In October 2005, Mr. Brow filed third-party complaints in both the 1607 Action and the 1609 Action against Rutgers. These two complaints, which are essentially identical, consist of six numbered paragraphs which are largely devoid of dates or factual allegations.

(*See* 1607 Action Third-Party Complaint; 1609 Action Third-Party Complaint). Indeed, with the exception of the allegations relating to a February 2005 subpoena, the allegations in the third-party complaints are so conclusory and vague as to make it impossible to discern the factual basis for Mr. Brow's third-party claims.

The first two paragraphs of the third-party complaints suggest that Rutgers has willfully or negligently misreported the amount Mr. Brow owes on the loans at issue. (1607 Action Third-Party Complaint ¶¶ 1-2; 1609 Action Third-Party Complaint ¶¶ 1-2). In the first paragraph, Mr. Brow alleges that Rutgers has "fail[ed] to notify ... the Government of the proper financial records," and that this "has caused damage to [third-party] plaintiff['s] financial reputation." (1607 Action Third-Party Complaint ¶ 1; 1609 Action Third-Party Complaint ¶ 1). The second paragraph alleges that Rutgers has caused, and continues to cause, "harm [to] plaintiff['s] financial status" by wilfully or negligently "reporting ... incorrect financial information" to credit agencies "in violation of the Fair Credit [R]eporting [A]ct." (1607 Action Third-Party Complaint ¶ 2; 1609 Action Third-Party Complaint ¶ 2). However, the f-irst two paragraphs contain neither dates nor specific factual allegations, making it impossible to define what actions or omissions give rise to Mr. Brow's claims. (1607 Action Third-Party Complaint ¶¶ 1-2; 1609 Action Third-Party Complaint ¶¶ 1-2).

The third paragraph of Mr. Brow's third-party complaints suggests that Rutgers engaged in some sort of "fraud and/or negligence" with respect to the "improper disbursement" of federally guaranteed loans. (1607 Action Third-Party Complaint ¶ 3; 1609 Action Third-Party Complaint ¶ 3). This paragraph further alleges that Rutgers is engaging in "ongoing and continuing actions to coverup or withhold evidence" of these improper practices. (1607 Action Third-Party Complaint ¶ 3; 1609 Action Third-Party Complaint ¶ 3).

Since this third paragraph, like the first two, contains no dates or specific factual allegations, it is entirely unclear what fraudulent or negligent practices are being alleged. (1607 Action Third-Party Complaint ¶ 3; 1609 Action Third-Party Complaint ¶ 3).

The fourth and sixth paragraphs of Mr. Brow's third-party complaints suggest that Rutgers has improperly failed to comply with a court-ordered subpoena. (1607 Action Third-Party Complaint ¶¶ 4, 6; 1609 Action Third-Party Complaint ¶¶ 4, 6). In the fourth paragraph, Mr. Brow alleges that on February 24, 2005, he served Rutgers with a subpoena for an unspecified "police report and public record." (1607 Action Third-Party Complaint ¶ 4; 1609 Action Third-Party Complaint ¶ 4). In the sixth paragraph, Mr. Brow states that, in a letter dated March 28, 2005, Rutgers' counsel declined to comply with the subpoena, opining that the subpoena was "not valid in New Jersey." (1607 Action Third-Party Complaint ¶ 6; 1609 Action Third-Party Complaint ¶6).

Although these five paragraphs are not models of clarity, the fifth paragraph of Mr. Brow's third-party complaints is even more incomprehensible. (1607 Action Third-Party Complaint ¶ 5; 1609 Action Third-Party Complaint ¶ 5). This paragraph alleges:

> That through its breach of fiduciary duty, fraud and/or negligence of the improper disbursement of funds and to maintain due diligence to record and account for such funds ... Rutgers ... is liable for funds disbursed without specific performance warrantied for said purpose and is owing the plaintiff under the doctrine of equitable estoppel after being notified on an ongoing basis of said status.

This paragraph contains no dates or factual allegations which would assist in deciphering the meaning of this veritable word salad.

*Rutgers' Motions*

Rutgers now moves for judgment on the pleadings with respect to both third-party complaints pursuant to Fed. R. Civ. P. 12(c) and to dismiss these complaints pursuant to Fed. R. Civ. P. 12(h)(2). Rutgers argues that Mr. Brow's third-party complaints fail for three principal reasons. (Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings ("Def. Memo.")). First, Rutgers avers that Mr. Brow cannot establish any of his causes of action because Mr. Brow's tort claims against Rutgers for negligence, breach of fiduciary duty and fraud are barred since Mr. Brow has failed to comply with the procedural and notice requirements set forth in the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 to :8-9 (the "TCA"). Specifically, Rutgers argues that Mr. Brow did not file a notice of claim with Rutgers within ninety days after the accrual of his claims, which forever bars him from recovering against Rutgers pursuant to the TCA. Second, Rutgers asserts that Mr. Brow's third-party complaints "fail to plead even the bare minimum of facts sufficient to support a claim for fraud or breach of fiduciary duty." *Id.* at 1. Third, Rutgers argues that Mr. Brow's claims were not brought within the required statute of limitations periods for fraud, breach of fiduciary duty, negligence, and causes of action arising under the Fair Credit Reporting Act ("FCRA"). *Id.*

In support of Rutgers' position that Mr. Brow has not filed the necessary notice of claim with Rutgers as required by the TCA, Rutgers presents evidence in the form of two affidavits from Rutgers' Senior Vice President for Finance Administration and Chief Financial Officer in 2006 and 2009. Mr. Brow has not offered any evidence to counter Rutgers' claim and show that he has indeed filed a notice of claim with Rutgers.

5

## DISCUSSION

*Standard of Review*

In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), courts apply the same standard that is used to decide a motion to dismiss under Rule 12(b)(6). *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because both a Rule 12(c) and a Rule 12(b)(6) motion "challenges the facts alleged on the face of the complaint ... or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P*, 949 F.2d 42, 47 (2d Cir.1991) (internal citations omitted), *cert. denied*, 503 U.S. 960 (1992), only certain matters outside of the four corners of plaintiff's pleading may be considered in assessing the complaint's sufficiency. As the Second Circuit has stated:

> When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's [pleading] ..., to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec*, 949 F.2d at 47-48). If material other than that listed by the *Brass* Court "is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion....'" *Id.* (quoting Fed. R. Civ. P. 12(d)).

*New Jersey Tort Claims Act*

In moving for judgment on the pleadings, Rutgers argues that as an initial matter, all of Mr. Brow's claims against Rutgers are barred because Mr. Brow failed to comply with the procedural and notice requirements of the TCA. The TCA applies to all actions against a "public entity" for "injury or damage" to the claimant. *N.J.S.A.* 59:8-8. A party asserting a claim against a public entity or employee for "injury or damage to [a] person" must file a notice of his claim within 90 days after the accrual of his claim. *N.J.S.A.* 59:8-8. Failure to file the required notice of claim forever bars a claimant from recovering against the public entity. *Id.*

The definition of "public entity" under the TCA is "specifically intended to include such entities as ... Rutgers the State University." Comment to N.J.S.A. 59:1-3; *see also Kovats v. Rutgers*, 822 F.2d 1303, 1311 (3d Cir. 1987) (recognizing Rutgers as a public entity that is subject to tort claims only under the provisions of the TCA). "Injury" is defined in the statute as "death, injury to a person, damage to or loss of property or any other injury that a person may suffer that would be actionable if inflicted by a private person." *N.J.S.A.* 59:1-3. Mr. Brow's tort claims, although vague and unclear in his third-party complaints,

appear to be grounded on the damage that Rutgers has allegedly caused and continues to cause to Mr. Brow's financial reputation and status. (1607 Action Third-Party Complaint ¶¶ 1-2; 1609 Action Third-Party Complaint ¶¶ 1-2). Allegations of damage to a person's financial reputation and status would fall under the TCA's definition of "injury."

Since Mr. Brow has brought claims for injury and damage against Rutgers, and Rutgers is a "public entity" under the TCA, Mr. Brow was required to file a notice of claim with Rutgers within 90 days of the accrual of his claim. Rutgers has introduced extrinsic evidence to prove that Mr. Brow filed no such claim. Specifically, Rutgers relies on a 2006 affidavit from the Senior Vice-President for Administration and Chief Financial Officer in 2006, Mr. Jeffrey C. Apfel (Affidavit of Jeffrey C. Apfel, dated July 10, 2006 ("Apfel Aff.")), and a 2009 affidavit from Mr. Bruce C. Fehn (Affidavit of Bruce C. Fehn, dated January 16, 2009 ("Fehn Aff.")). These documents both state that Rutgers has not received a notice of claim from Mr. Brow pursuant to the TCA. (*See* Apfel Aff.; Fehn Aff.).

Since Rutgers' argument relies on extrinsic evidence, this Court must convert Rutgers' motion to dismiss for failure to comply with the TCA into a motion for summary judgment and must give Mr. Brow a reasonable opportunity to present materials in response to that motion. *See* Fed. R. Civ. P. 12(d). Accordingly, this Court directs that, on or before December 11, 2009, Rutgers (1) shall serve Mr. Brow with both a copy of this memorandum and order and a notice pursuant to Local Civil Rule 56.2, and (2) shall file a return of service with this Court via ECF. Mr. Brow shall have until January 11, 2010, in which to respond to Rutgers' argument by submitting proof that he has filed the notice of claim(s) required under the TCA. If Mr. Brow fails to submit this proof within the time allowed, Rutgers' motion

will be granted and this action will be dismissed. If Mr. Brow files the required proof, this Court will proceed to adjudicate Rutgers' two remaining arguments.

SO ORDERED.

                                                    S?
                                       SANDRA L. TOWNES
                                       United States District Judge

Dated: December 07, 2009
        Brooklyn, New York