UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

          Plaintiff,

   – against –

RONALD A. BROW,

          Defendant.
------------------------------------------------------------x
RONALD A. BROW,

         Third-Party Plaintiff,

   – against –

RUTGERS, THE STATE UNIVERSITY
OF NEW JERSEY,

         Third-Party Defendant.
------------------------------------------------------------x

**MEMORANDUM and ORDER**

05-CV-1607 (SLT) & 05-CV-1609 (SLT)

**TOWNES, United States District Judge:**

       On March 28, 2005, Plaintiff, the United States of America (the "Government"), filed two actions (the "1607 Action" and the "1609 Action") against *pro se* defendant, Ronald Brow ("Mr. Brow"), alleging that Mr. Brow failed to re-pay two separate government-guaranteed federal student loans that Mr. Brow received while attending Rutgers, the State University of New Jersey ("Rutgers"). On October 3, 2005, Mr. Brow filed identical third-party complaints against Rutgers in both actions, advancing various torts claims. Thereafter, Rutgers moved for judgment on the pleadings with respect to both third-party complaints, arguing, *inter alia*, that Mr. Brow's claims against Rutgers are barred because of Mr. Brow's failure to comply with the procedural and notice requirements set forth in the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 *et seq.* (the "TCA").

In a memorandum and order dated December 7, 2009, this Court found that Rutgers was a "public entity" for purposes of the TCA and that Mr. Brow was required to file a notice of claim before bringing his torts claims against Rutgers. *United States v. Brow*, Nos. 05-CV-1607 (SLT) & 05-CV-1609 (SLT), 2009 WL 4746344, at *4 (E.D.N.Y. Dec. 7, 2009). However, the Court also found that Rutgers relied on "extrinsic evidence" – *i.e.*, matters outside the pleadings – in arguing that Mr. Brow had not filed the requisite notice. *Id.* Therefore, pursuant to Fed. R. Civ. P. 12(d), this Court converted Rutgers' motion into a motion for summary judgment and gave Mr. Brow until January 11, 2010, in which to "respond to Rutgers' argument by submitting proof that he ha[d] filed the notice of claim(s) required under the TCA." *Id.* The Court advised Mr. Brow that if he failed to submit this proof within the time allowed, Rutgers' motion would be granted and his third-party actions would be dismissed. *Id.*

At this Court's direction, Rutgers served a copy of this Court's December 7, 2009, memorandum and order and a notice pursuant to Local Civil Rule 56.2 on Mr. Brow by overnight mail on December 9, 2009. In the five weeks since then, Mr. Brow has filed three additional submissions. First, on December 22, 2009, Mr. Brow filed a "Motion to Appeal and Object," through which he seeks "to place a standing motion to appeal and object [to] the District Court order dated December 4 2009 [*sic*]." This submission specifically "request[s] the rest of the time allotted by the court[, to] January 11, 2010[,] to more fully address the matters herein."

On December 28, 2009, Mr. Brow filed a document styled a "First Amended Complaint," naming the Government of the U.S. Virgin Islands (the "USVI") as a defendant. This Court had previously denied Mr. Brow leave to file a similar – if not identical – third-party action against the USVI. *See United States v. Brow*, No. 05-CV-1607 (SLT)(MDG), 2009 WL 393645, at *1

(E.D.N.Y. Feb. 13, 2009). Accordingly, in an order dated January 6, 2010, this Court reminded Mr. Brow that he needed to obtain leave of this Court before filing a new third-party action or amending the existing one; noted that this Court had already denied leave to file a third-party action against the USVI; and suggested that Mr. Brow's time might be better spent preparing the submission requested in this Court's December 7, 2009, memorandum and order. *United States v. Brow*, No. 05-CV-1607 (SLT)(MDG), slip op. at 4 (E.D.N.Y. Jan. 6, 2010).

On January 11, 2010, Mr. Brow filed a six-page affidavit in opposition to Rutgers' motion ("Mr. Brow's Affidavit"). That affidavit consists of ten numbered paragraphs, each containing conclusory allegations concerning Rutgers' involvement in various torts. However, the affidavit does not allege – much less offer any proof – that Mr. Brow filed the notice of claim(s) required under the TCA.[1]

### *CONCLUSION*

Since Mr. Brow has not submitted proof that he filed the notice of claim(s) required under the New Jersey Tort Claims Act, Rutgers' motion for judgment on the pleadings is granted and Mr. Brow's third-party actions are dismissed for the reasons set forth in this Court's

---

[1] This Court notes that Mr. Brow's Affidavit resembles an amended pleading in some respects. For example, the first paragraph of the affidavit contains jurisdictional allegations, and some of the subsequent paragraphs cite to 42 U.S.C. §§ 1981, 1982, 1983 and 1985 and allege, for the first time, that some of Rutgers' actions violated Mr. Brow's civil rights. However, this Court does not construe Mr. Brow's Affidavit as a motion pursuant to Fed. R. Civ. P. 15(a) to amend his pleading to allege new civil rights claims. First, although this Court expressly advised Mr. Brow as recently as two weeks ago of the need to obtain leave of Court before amending his pleadings, *see United States v. Brow*, No. 05-CV-1607 (SLT)(MDG), slip op. at 1 (E.D.N.Y. Jan. 6, 2010), Mr. Brow's Affidavit does not state or imply that Mr. Brow is seeking to amend his complaint. To the contrary, Mr. Brow's Affidavit is specifically entitled a "Motion to Oppose Defendant[] Third Party Rutgers University Summary Judgement [*sic*] Motion." Moreover, Mr. Brow's Affidavit does not name the individuals who allegedly violated his civil rights, much less attempt to add them as defendants.

Memorandum and Order dated December 7, 2009. *Brow*, 2009 WL 4746344. The main actions having already been resolved, the Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

**SO ORDERED.**

Dated: January 20, 2010
Brooklyn, New York

/SANDRA L. TOWNES
United States District Judge